JOHNSTON, STATE REVENUE AGENT *v.* HARTFORD FIRE INSURANCE COMPANY.

[69 South. 686.]

LEVEES. *Special tax. Validity of ordinance.*

 Under Laws 1902, chapter 80, authorizing a board of levee commissioners to levy a tax upon all privileges exercised within its district and providing that any corporation desiring to enjoy any privilege upon which a tax is levied, shall first pay the tax as prescribed, and obtain a license, where such board by ordinance required a tax to be paid by insurance companies operating within the district of two and one half per cent. on gross earnings, less return premiums, such an ordinance was invalid, since the tax which said board is authorized by said

chapter to levy is such a tax, and only such tax, as may be paid in advance, before exercising the privilege, and inasmuch as the percentage tax levied upon insurance companies by said board upon their gross earnings annually could not be known nor paid in advance, the ordinance of said board in that regard was *ultra vires* and void.

APPEAL from the chancery court of Coahoma county. HON. R. B. CAMPBELL, Special Chancellor.

Suit by J. C. Johnston, State Revenue Agent, against the Hartford Fire Insurance Company. From a judgment for defendant, the plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Cutrer & Johnston,* for appellant.

The learned chancellor who passed on this cause did not indicate what his opinion was upon any of the six several contentions presented by the demurrer, but generally sustained the demurrer upon the theory, according to statement made by him, that the board of levee commissioners is authorized to levy only such a tax as may be paid in advance before the exercise of the privilege, or occupation, tax, and that inasmuch as the percentage sought to be levied upon insurance companies by the board upon their gross earnings could not be paid in advance, the ordinance of said board was in that regard *ultra vires* and void, and for this reason, the demurrer was sustained.

This brings up for consideration the construction of chapter 80 of the Laws of 1902. In construing that chapter, the court will bear in mind that the power of the board of levee commissioners to levy taxes comes directly from section 237 of the Mississippi Constitution, by which it is provided that "the legislature shall have full power to provide such system of taxation for said levee districts as it shall from time to time deem wise and proper." Acting under the authority of said section, the legislature, on February 26, 1902, enacted chapter 80.

By section one of chapter 80 of the Laws of 1902, express authority was conferred upon the board of levee commissioners for the Yazoo-Mississippi Delta to levy a tax upon all privileges exercised, or thereafter to be exercised, within the limits of the levee district, and to amend, repeal, or change the levy made by them, the sole and only limitation placed upon the power of the levee commission in this regard being that the tax levied by the board shall in no event exceed the tax levied by the state on the same privilege. In our judgment, the purpose of the entire act was accomplished by section one and the remaining sections of chapter 80 are purely directory, providing ways and means for the collection of the tax when levied under the authority conferred by section one of said act.

We submit that the power of the board of levee commissioners to levy the same sort of a privilege tax as is levied by the state is not abridged simply because of the fact that section four provides a penalty to be paid by the person enjoying any privilege tax without first paying the taxes as prescribed. This is the only section in the act in which any mention is made of a requirement that a tax be "first" paid; and clearly has reference to the fixed privilege.

The court will not, we submit, resort to a strained construction of the statute in order to curtail the power of the board in the matter of levying a privilege tax, but will so construe the entire act as to give full effect to each and every section thereof.

Section one authorizes the board of levee commissioners to levy a tax upon all privileges exercised, etc. Section two provides that the tax shall be levied by an order upon the minutes of the board, enumerating and designating the privileges taxed and the amount levied thereon.

Upon examination we find that the state of Mississippi imposed upon fire insurance companies a fixed privi-

lege tax of one hundred dollars, and required an additional two and one-half per cent tax, same being a tax levied upon the privilege of doing business within the state.   In order to provide funds.   The board of levee commissioners following the example of the state, likewise levied a fixed privilege of one hundred dollars and an additional privilege tax of two and one-half per cent. Manifestly, the requirement that the tax be paid in advance, and that a license be procured, and the provision for criminal prosecution in case of a failure to pay the tax in advance and to procure the license applies to the fixed privilege of one hundred dollars, but none of these provisions limit the right of the board to levy an additional privilege tax, which shall be graduated equitably in proportion to the volume of business done, and this is all that the ordinance in question does, or seeks to do.

Originally all privilege taxes were collected by the county tax collector.   After the creation of an insurance department, it was provided that the insurance companies should pay their state privilege tax to the commissioner.   This, we submit, did not deprive the board of levee commisisoners of the right to levy a privilege tax upon insurance companies simply because section three of chapter 80, following the manner of collecting taxes then prevailing, provided that the tax should be collected by the tax collector.   We think that under the law as it now stands it is the duty of an insurance company wishing to engage in business within the levee district to apply to the proper collector, namely, the tax collector, or auditor of public accounts, and pay the fixed privilege tax of one hundred dollars, and procure license to do business; and when such company shall have engaged in business within the district for a period of one year, it is then the further duty of that company to report its volume of business and to pay to the levy commissioners through the proper collector, the percentage privilege tax; and for a failure so to do, the

company so failing forfeits its right to do business in the future within the levee district. By adopting this theory, full effect is given to the levee ordinance, and likewise to each and every section of chapter 80 of the Laws of 1902.

We submit, therefore, that the ordinance and the act of the legislature, from which it is predicated, are valid and the demurrer interposed by defendant should have been overruled.

*McLaurin & Armistead,* for appellee.

This matter was submitted to the Hon. R. B. Campbell, as Special Judge and, as shown by the record, he specifically sustained the seventh ground of the demurrer. We don't see that we could enlighten the court in any better way than to copy here in full his letter as Special Judge, dated April 19, 1915, which is as follows:

"I have carefully considered the bill of complaint and the demurrer thereto, in the above styled suit, in the light of the very able arguments presented to me upon hearing the demurrer by the Hon. Amos Armistead, in behalf of the defendant, and the Hon. O. G. Johnston, in behalf of the complainant; and, without considering all of the grounds of the demurrer, I am clearly of the opinion that the demurrer should be sustained, on the ground that so much of section 66 of the ordinance of the board of levee commissioners, adopted August 8, 1912, which levied upon life insurance companies an annual tax of two and a quarter per centum upon the gross amount of their premium receipts in the district, and upon all other insurance companies a tax of two and one-half per centum of gross earnings in said district, less return premiums, was beyond the power conferred upon said board by chapter 80 of the Laws of 1902. While section 1 of that chapter confers the power upon said board to levy a tax 'upon all privileges' exercised in the district, the power thus conferred is limit-

ed by subsequent sections of that chapter, notably sections two, three, four and 10 thereof. The 'privileges' that may be taxed, as shown by sections 1 and 3 of said chapter, perhaps, mean every business that may be exercised in the district, whether taxed by the state or not; but, if taxed by the state, the tax levied by the said board, in consequence of section 2 of said chapter, cannot exceed the state tax. Section 3 of said chapter indicates that, where the state has imposed a privilege tax on any business carried on in said levee district, said board can only tax that privilege or business in cases where the tax collector of any county is authorized to collect the privilege tax imposed by the state; and that, where the state tax is to be collected, not by a tax collector, but by the Commissioner of Insurance, the privilege is one that cannot be taxed by said board. But, without deciding that to be the true meaning of said chapter (I am clearly of the opinion that the tax, which said board is authorized by said chapter to levy, is such a tax, and only such a tax, as may be paid in advance before exercising the privilege, as is clearly shown by sections 2, 3, 4, and 10 of said chapter 80; and that, inasmuch as the percentage tax levied upon insurance companies by said board, upon their gross earnings annually, could not be known, nor paid, in advance, the ordinance of said board in that regard was *ultra vires* and void.) For the foregoing reasons, and others that I could give, in support of my view, I sustain the demurrer.''

Note, particularly, that Judge Campbell says that: ''I am clearly of the opinion that the demurrer should be sustained on the ground that so much of section 66 of the Ordinance of the board of levee commissioners, adopted Aug. 8, 1912  .  .  . was beyond the power conferred upon said board by chapter 80 of the Laws of 1902.''

Judge Campbell holds specifically that it is beyond the power of the levee board to collect as a privilege tax

any tax other than such as may be paid in advance, before the exercise of the privilege—citing sections 2, 3, 4, and 10 of said chapter 80, and, after making some other suggestions, does not attempt to discuss the constitutional questions involved.

STEVENS, J., delivered the opinion of the court.

The state revenue agent, for the use and benefit of the board of levee commissioners for the Yazoo-Mississippi Delta, presented his bill of complaint in the chancery court of Coahoma county against the Hartford Fire Insurance Company, a nonresident corporation, averring, among other things, that the defendant was engaged in the business of writing fire insurance in the state of Mississippi and throughout the said levee district and especially during the time intervening between September 1, 1912, and August 31, 1914, and still is engaged in said business; that on August 8, 1912, the said board passed an ordinance pursuant to chapter 80, Laws of 1902, whereby a license fee or privilege tax was imposed as follows:

"Sec. 66, License Fees, Life, Fire, Accident, Marine, Surety, etc. There shall be collected and paid into the treasury the following license and taxes, which shall be in lieu of all other levee licenses and taxes: On each life insurance company or association, and on each fire insurance company or association, or any other like company or association of companies doing business in or operating a separate or district plant of agencies in this district, and on each accident insurance company or association, and on each marine insurance company, or association, and on each surety insurance company or association, and on each plate glass insurance company or association, and on any other insurance company or association, one hundred dollars. All life insurance companies shall pay annually a tax of two and one-fourth per centum upon the gross amount of premium receipts

in this district less death claims, matured endowments, and cash dividends paid under policy contracts in this district during the year. All other than life insurance companies shall pay a tax of two and one-half per centum on gross earnings in this district less return premiums. Provided, that domestic insurance companies shall not be required to pay a greater tax in the aggregate than is required to be paid by foreign insurance companies doing business in this district except to the extent of their *ad valorem* tax over the privilege tax imposed upon such foreign companies. No privilege tax shall be paid by such domestic companies and no tax collected on their premium receipts, but at the end of each calendar year such company shall make a sworn statement to the Insurance Commissioner of the total tax paid during the year, including state, county and municipal, and if such amount be less than is required of foreign companies on the same amount of business, the secretary of this board shall then collect such part of the privilege tax and premium tax imposed on foreign companies as will make the tax on the domestic companies equal thereto. For each license for fraternal order, twenty-five dollars.''

The bill further alleges that the defendant had complied with the portion of the ordinance imposing the fixed tax of one hundred dollars, but upon demand had declined to pay the tax of two and one half per cent. upon the gross earnings less return premiums as provided in said ordinance; that the complainant did not know, and had no means of determining, the percentage tax on premiums, and prayed for an accounting and final decree directing the payment of said taxes. The defendant interposed a demurrer submitting ten grounds or reasons why the bill should be dismissed. The main contentions of the demurrer are: That the two and one half per cent. tax is not a privilege tax and is therefore levied without authority of law; that the said board is

only authorized to levy a privilege tax that could be paid in advance; and that the premium tax here sued for could not possibly be calculated until after the end of each year's business, and is not such tax as is contemplated by chapter 80, Laws of 1902; that the one hundred dollars privilege tax provided by said ordinance is the only privilege tax imposed, and the bill shows that the same has been paid; that the two and one half per cent. tax is not a privilege tax, but on the contrary a premium or business tax which stands as to foreign insurance companies in lieu of an *ad valorem* tax which domestic insurance companies are required to pay; that said ordinance is in conflict with section 112 of the Constitution of the state of Mississippi, and also article 14, section 1, par. B, and article 4, section 2, par. 1, of the Constitution of the United States; that said ordinance is violative of section 181 of the Constitution of Mississippi. The demurrer also submits that said ordinance is in pursuance of chapter 227, Laws of 1912, and that this act of the legislature is likewise violative of both the state and the federal Constitutions. The demurrer was submitted to and heard by a special chancellor, and decree was entered sustaining the demurrer and dismissing the bill.

The right of the levee board to levy taxes is based on and measured solely by chapter 80, Laws of 1902. The purpose of this act is, as reflected by its title, to empower the board of levee commissioners "to levy a tax upon all privileges exercised   .   .   .   within the   .   .   . said levee district." Section 1 is as follows:

"The board of levee commissioners for the Yazoo-Mississippi Delta be, and it is hereby, authorized and empowered to levy a tax upon all privileges exercised, or which may hereafter be exercised, within the limits of the said levee district, and to amend, repeal, or change the levy made by them; but the said privilege taxes shall in no case exceed the taxes levied by the state on the same privileges."

Section 2 of the act provides that the board "shall enter an order upon its minutes" designating the privileges taxed and amount thereof, certified copy of which order is to be furnished the several tax collectors of the district. Section 4 provides that "any person or corporation desiring to enjoy any of the privileges levied as aforesaid . . . shall first pay the tax as prescribed to the collector of taxes for the county wherein the privilege is to be exercised, and obtain from him the license hereinafter required," and penalizes any person or corporation who exercises any of the privileges without first paying the tax and procuring the license. Section 10, among other things, provides that each tax collector shall make requisition upon the auditor for a sufficient number of blank licenses, and upon application and payment to him of the tax imposed on any of said privileges shall issue to the applicant a license which shall be dated the first day of the month of its issuance and shall be good for one year from that date. This section further provides:

"Any one failing to pay the privilege tax levied as aforesaid, and to obtain a license as herein required, but pursuing the business taxed without such license, may be proceeded against by suit for such tax and ten per centum additional; and the tax collector may seize and sell any property of such person liable for the tax in the same manner as he may sell and distrain property of other delinquents."

The distinguished lawyer who served as special chancellor in this case announced his conclusions by letter which is copied in the brief of counsel for appellee. One statement in this letter is as follows:

"I am clearly of the opinion that the tax which said board is authorized by said chapter to levy is such a tax, and only such a tax, as may be paid in advance before exercising the privilege as is clearly shown by sections 2, 3, 4, and 10 of said chapter 80; and that, in-

asmuch as the percentage tax levied upon insurance companies by said board upon their gross earnings annually could not be known nor paid in advance, the ordinance of said board in that regard was *ultra vires* and void.''

We approve this statement as a correct interpretation of chapter 80, Laws of 1902, and as a complete disposition of this case. The act of 1902 so reads. If this statute requires a tax—by whatever name called—to be paid in advance as a condition precedent to the exercise of the business, trade, or profession, then it follows that the ordinance of the levee board must square with and be construed in connection with the statute. The levee board as a functionary of the government has no inherent power of taxation. Section 237 of our Constitution, it is true, confers full power upon the legislature ''to provide such system of taxation'' as the legislature from time to time may deem wise and proper. The legislature in pursuance of this power has by chapter 80, Laws of 1902, provided a system of imposing privilege taxes, and by the express provisions of that system the ordinance of the levee board must be governed. It is beyond the power of the levee board to require the payment of a tax on terms which are in conflict with the act. The privilege tax ordinance of the levee board adopted August 8, 1912, by its own language recognizes the legislative act in question as the source of its power, and section 139 of this ordinance provides in part that:

''Any person or corporate body who shall exercise any of the privileges taxed by law in this district, without first paying the tax and procuring the license as required, shall, on conviction, be fined not less than an amount equal to five times the tax imposed on such privileges, or shall be imprisoned in the county jail not more than six months, or both, by such fine and imprisonment.''

The whole controversy in this case seems to be occasioned by the fact that the levee board copied and enacted for the levee district chapter 227, Laws of 1912, which reduced the fixed privilege tax and increased the so-called "premium tax." In the disposition of this case it is not necessary for us to decide whether the premium tax here sued for is in fact a privilege tax, or whether it is essentially a property tax.

We decide no other questions raised by the demurrer.

*Affirmed.*